STATE OF MISSOURI, TO THE USE OF OLIVER B. FILLEY,
   Appellant, *v.* JACOB AEBLY ET AL., Respondents.

### May 11, 1880.

Where the question is as to whether a conveyance was voluntary, and there
   is some evidence tending to show a valuable consideration, it is error to
   so instruct as to leave the jury to conjecture from the evidence, as a
   matter of fact, what constitutes a valuable consideration.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Reversed and remanded.*
J. M. & C. H. KRUM, for the appellants.
THOMAS A. RUSSELL and WILLIAM P. BENTLEY, for the
respondents.

HAYDEN, J., delivered the opinion of the court.

This is a suit on an indemnity-bond given by the defendants
under the Sheriff's Act of 1855.   In August, 1873, Aebly,
the defendant, sued Laveille and others, who had been pro-
prietors of the Southern Hotel, the grounds of attachment
being fraudulent disposition of property, and attached cer-
tain liquors, which were seized by the sheriff.   The " South-
ern Hotel," a corporation, claimed the property, and upon
this the defendants gave the bond sued on, which bond was
afterward assigned to the relator.   There was evidence on
the relator's part tending to show that the corporation bought
all the effects of Laveille & Co., and became proprietors of

the hotel, assuming to pay the debts of Laveille & Co.; that among the effects so purchased was a part of these liquors, while the rest of them were bought by the corporation during the period it kept the hotel; that at the time of the attachment, and before it, all the liquors belonged to the corporation. On the defendants' part, there was evidence tending to show that Laveille, after the attachment, had said to Aebly that the attached property belonged to Laveille & Co. There was judgment for the defendants, and the plaintiff now complains that erroneous instructions were given.

The first and second instructions, being the only ones given at the defendants' request, are as follows:—

"1. If the jury believe from the evidence that the firm of Laveille, Warner & Co., being in an insolvent or failing condition, transferred the liquors mentioned in the petition, to the Southern Hotel, without receiving any valuable consideration for such transfer, then the court instructs the jury that said transfer was void as to the creditors of said firm of Laveille, Warner & Co., and it is immaterial what the actual intent of said Laveille, Warner & Co. may have been; and said liquors, after said transfer, were subject to attachment as the property of Laveille, Warner & Co.

"2. To entitle the plaintiff to recover in this case, the jury must find from the evidence that at the time the attachment in question was sued out, the Southern Hotel was a *bona fide* owner of the goods attached, and that thereafter the Southern Hotel assigned the bond sued on, to plaintiff Filley, and that said Filley accepted said assignment."

The first instruction is not open to the objection that it is inconsistent with the following instruction, given by the court of its own motion:—

"3. If the jury find from the evidence that the liquors now in controversy, or any part thereof, belonged to the firm of Laveille, Warner & Co., and that said firm transferred them to the Southern Hotel, and that such transfer was made and contrived by said firm of Laveille, Warner & Co. and the Southern Hotel, with intent to hinder, delay, or

defraud the creditors of said firm of Laveille, Warner & Co., then any of the liquors here in controversy which belonged to said firm, and were so transferred, were subject to attachment as the property of said firm of Laveille, Warner & Co., and as to such liquors there can be no recovery. ''

Obviously, the first instruction covers the case of a voluntary conveyance as against an existing creditor, where there need be no actual fraud; while, in view of the third, the Southern Hotel was a purchaser for value, or might have been such, and the law is applied with reference to that contingency. It is not to this, but to another objection that the first instruction is open. An important question in this case was as to the transfer of the property from Laveille & Co. to the corporation called the Southern Hotel. If the conveyance was voluntary, one rule applied. If the corporation stood as a purchaser for value, the jury could then find for the defendants only by finding the intent and contrivance, as correctly stated by the court in the third instruction just given. Thus the question of consideration became a vital question.

But by the first instruction, the question as to the consideration is left wholly to the jury as a question of fact. It is put to the jury to say whether Laveille & Co. received from the corporation a valuable consideration for the transfer, and left to the jury to conjecture what constituted a valuable consideration, in view of the evidence. The second instruction above given does not cure the fault; since the jury are not told what constitutes a *bona fide* owner. Suppose, for instance, the jury believed that a valuable consideration implied a money-payment; they then, on this ground, must have found for the defendant, in spite of the evidence.

By the instruction, thus leaving the question of consideration in the hands of the jury, without guidance from the court as to its solution, the plaintiff was deprived of the benefit of its own instructions, two of which related to the

question of transfer and consideration. On the basis of direct evidence to this effect, the jury were told that if the transfer from Laveille & Co. to the corporation was made in consideration that the corporation had assumed to discharge the liabilities of Laveille & Co., then the transfer was valid. The force of this instruction was broken, if not destroyed, if the jury were at liberty to find, without any basis of fact for their finding, that there was no valuable consideration for the transfer. This left them to cut the knot, instead of untying it.

This instruction, which in some cases would have been correct, was further objectionable here, as the defendants gave no evidence tending to prove that all the liquors were transferred without consideration; and as it ignores the feature which is observed in the third instruction above given, that any liquors which the corporation bought, during its management, from third persons, were not subject to the attachment.

As stated, the defendants introduced evidence tending to show that Laveille said the liquors belonged to Laveille & Co.; but the proper office of this testimony was to furnish a basis for a direct instruction as to the party in whom the property was vested at the time of the attachment, and as to the consequent legal effect, not to furnish a foundation for instructions as to the consideration for the transfer. For error in giving the first instruction for the defendant, the judgment must be reversed. It is, indeed, possible that the jury found on issues that were independent of those presented by this instruction. But to suppose so would be mere conjecture. The plaintiff may fairly insist that the instructions given were inconsistent; that the force of his instructions was destroyed by that criticised. The instructions given by the court of its own motion were correct, and sufficiently covered the points contained in the third and fifth instructions, which the plaintiff complains were refused. There seems to be nothing in the point made by

the defendants as to the assignment of the bond.    The instructions given fairly covered this matter.    There seems to be no reason why the relator should not sue on the bond, if the facts exported as claimed by him.    In the first instruction given for the plaintiff there seems to be an omission. .The plaintiff certainly was not entitled to recover on the mere facts supposed in that instruction.

The judgment is reversed and the case remanded. Judge BAKEWELL concurs; Judge LEWIS is absent.